USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,              :
                                       :   16 Cr. 414 (JSR)
     -v-                               :
                                       :   MEMORANDUM
ANDREW CASPERSEN,                      :
                                       :
          Defendant.                   :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

On July 6, 2016, defendant Andrew Caspersen pleaded guilty to charges of securities fraud and wire fraud. Pursuant to a plea agreement, a consent order of preliminary forfeiture was entered, in which Mr. Caspersen agreed to forfeit all of his right, title, and interest in, <u>inter alia</u>, a residential co-op unit located at 175 East 62nd Street, New York, New York (the "Apartment"). Christina Caspersen, Mr. Caspersen's wife, thereafter submitted a third-party petition for a hearing to determine her interests in those specific properties. In a "bottom-line" order dated December 2, 2016, ECF No. 35 (the "December 2 Order") the Court agreed with the Government's view of its interests in those properties, which, the Court noted, may require the sale of the Apartment. However, the Court permitted Ms. Caspersen to remain in the Apartment until as late as June 30, 2018, but no later. As promised in the December 2 Order, this memorandum explains the reasons for that ruling.

The pertinent facts regarding the apartment, as stipulated by the parties, are as follows. In October 2011, Mr. and Ms. Caspersen jointly purchased the Apartment for $1,115,000. They held the co-op

1

shares as tenants by the entirety. They made a down payment of $344,500, consisting of untainted funds from an account in Mr. Caspersen's name, and they paid the balance of the purchase price with a $780,500 mortgage. A total of $93,000 of the mortgage principal was paid using untainted funds from Mr. Caspersen's account at First Republic Bank.

In March 2014 and again in November 2014, Mr. Caspersen, without Ms. Caspersen's knowledge, obtained home equity lines of credit ("HELOCs")[1] on the Apartment in an aggregate amount of $1,162,000, which he borrowed in full. Mr. Caspersen was the sole listed beneficiary of the HELOCs. On February 12, 2016, Mr. Caspersen used crime proceeds to pay off the Apartment's mortgage in the amount of $687,497, as well as to pay off the HELOCs in the amount of $1,162,000. Ms. Caspersen was not aware of the HELOC transactions.

On September 30, 2016, following the entry of the preliminary order of forfeiture, Ms. Caspersen filed a third-party petition asserting that she holds an indivisible right in the Apartment as an owner by tenancy by the entirety, and also that her interest in that property was superior to that of Mr. Caspersen at the time of his offense. See Verified Third-Party Petition of Christina Frank

---

[1] "A HELOC is a home equity line of credit. It is a loan, using your home as collateral, that lets you borrow up to a certain amount, rather than a set dollar amount. . . . If you don't repay the HELOC, the lender may foreclose on the house." HELOC, Bankrate.com, http://www.bankrate.com/finance/topic/heloc.aspx (last visited Aug. 24, 2017).

2

Caspersen for Hearing to Determine Third-Party Interests in Specific Properties Subject to Forfeiture, ECF No. 22. On November 2, 2016, the Court held a hearing on the petition.

Under 18 U.S.C. § 981 and 28 U.S.C. § 2461, "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation" of certain statutes, including wire fraud, is subject to forfeiture to the United States. § 981(a)(1)(C); see United States v. Darui, 549 F. Supp. 2d 111, 113 (D.D.C. 2008) (finding that "§ 2461(c), in conjunction with 18 U.S.C. § 981(a)(1)(C), [provides] authority for criminal forfeiture for all mail and wire fraud offenses"). According to the "relation back doctrine," the United States has an interest in the forfeitable property from the time the offense was committed. See 21 U.S.C. § 853(c); 28 U.S.C. § 2461(c). As noted above, the money that Mr. Caspersen used to pay off the Apartment's mortgage and the HELOCs was crime proceeds, and therefore the Government had an interest in those funds at the time he made the payments.

When a mortgage for real property is paid using crime proceeds, the Government acquires an interest in that property. See United States v. Pole No. 3172, Hopkinton, 852 F.2d 636, 639 (1st Cir. 1988) (finding that "the interest acquired as a result of mortgage payments made with the proceeds of drug transactions should be forfeitable"). Thus, the Government acquired an interest in the Apartment to the extent of the sum Mr. Caspersen used to pay off the Apartment's mortgage. In addition, while the parties have not cited,

nor has the Court encountered, any decisions addressing the use of crime proceeds to repay obligations on HELOCs, the Court finds that HELOCs are similar to mortgages for the purposes here at issue, and thus the use of crime proceeds to pay off a HELOC secured by real property results in the Government's acquisition of an interest in the real property to the extent of the payment. More generally, it is well established that if a defendant uses crime proceeds to purchase real property, the Government's interest in the proceeds carries over to an interest in the real property; for similar reasons, a defendant may not convert crime proceeds into "clean" funds simply by taking out a HELOC and repaying it using crime proceeds. As reflected in the December 2 Order, the Court therefore agreed with the Government that the Government's interest in the Apartment was equal to the sum of the amount of the mortgage that Mr. Caspersen paid off and the balance of the HELOCs that he satisfied using crime proceeds.

The Court also rejected Ms. Caspersen's argument that the order of forfeiture was invalid because she had a superior interest in the Apartment. See 18 U.S.C. § 853(n)(6)(A) (specifying that a court shall amend an order of forfeiture if, after a hearing, the court determines that the petitioner has a "right, title, or interest" that is "superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section"). As a tenant by the entirety, Ms. Caspersen did not possess an interest in the Apartment

4

that was superior to that of her husband. See Goldman v. Goldman, 95 N.Y.2d 120, 122, 733 N.E.2d 200, 711 N.Y.S.2d 128 (2000) ("As tenants by the entirety, both spouses enjoy an equal right to possession of and profits yielded by the property." (emphasis added)); see also United States v. Kennedy, 201 F.3d 1324, 1329-30 (11th Cir. 2000) (concluding that the nature of a tenancy by the entirety entailed that the interest of the defendant's wife in a property was not superior to that of her husband under § 853(n)(6)(A)).

However, in an exercise of its equitable discretion, the Court permitted Ms. Caspersen to remain in the Apartment until June 30, 2018. In light of Ms. Caspersen's lack of knowledge of the illicit activity, as well as the difficulties for her and her children that her husband's offense entailed, the Court concluded that it was appropriate to provide for a reasonable period before the Government could exercise its interest in the Apartment through means that would displace Ms. Caspersen.

Dated: New York, NY
August 25, 2017

_____
JED S. RAKOFF, U.S.D.J.

5